UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH R. MCDAVID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-00249-WTL-MJD |
| ) | |
| CORIZON LLC, LOLIT JOSEPH M.D., ) | |
| KATAUSHIA THOMAS LPN, ) | |
| FARRAH BUNCH, R.N., ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Summary Judgment
and Directing Further Proceedings**

For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 11] must be **denied** and further proceedings will be directed.

**I. Motion for Summary Judgment**

**A. Background**

This is a civil rights action in which Kenneth R. McDavid, an inmate at Putnamville Correctional Facility, alleges that the defendants have delayed or denied him necessary medical care, treatment and accommodations. The defendants assert as an affirmative defense that McDavid failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act prior to filing this action. This defense is presented through the defendants' motion for summary judgment, to which McDavid has filed a response.

1

B. **Legal Standards**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S.Ct. 1769, 1776 (2007).

In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996).

The substantive law applicable to the motion for summary judgment is this: the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted). "[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007). However, when inmates cannot comply with grievance procedure without essential help from prison officials and that assistance is withheld, the failure of the officials to facilitate the grievance process effectively renders administrative remedies unavailable. *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2002) (vacating grant of summary judgment for defendants on failure-to-exhaust defense where inmate submitted

2

evidence that prison officials failed to respond to his requests for required grievance forms).

The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* When a prisoner has failed to exhaust administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Jones,* 549 U .S. at 223–24.

**C. Material Facts**

Since October 2013, when McDavid's claims arose, he has been incarcerated at Putnamville Correctional Facility. The Department of Correction has an Offender Grievance Process. The Department of Correction's records reflect that McDavid did not complete the grievance process in order to exhaust his administrative remedies for any of the incidents at issue in this lawsuit.

McDavid, however, believes that he followed the procedure to exhaust his administrative remedies. McDavid explains that he is illiterate and relies on the help of other offenders. In addition, McDavid states that the grievance office has failed to supply the "successive steps" to meet the requirements for exhausting administrative remedies.

The grievance policy states:

> The Executive Assistant shall ensure that the offender grievance process shall be explained to offenders whose primary language is other than English, or has a visual, hearing, or mental impairment. There shall be mechanisms in place to ensure that the offender grievance process is interpreted by all offenders.

3

Dkt. 12-3 at p. 10.  It is unclear whether the mechanisms to ensure that McDavid properly interpreted the grievance process were in place. In addition, the grievance policy states:

> B. Assistance with Preparation of Grievance
>
> In restrictive status housing units or other units where an offender does not have access to other offenders, the complaining offender may request that a staff person in that unit assist in the preparation of a grievance or an appeal.  Assistance may include writing or, where available, typing the grievance for an offender who cannot write or has limited understanding of English, whose handwriting is not legible, or who is unable to type the grievance.  Staff may assist by explaining the grievance process to the offender. However, the complaining offender must sign the grievance and submit the grievance in accordance with any facility procedures for filing grievances.  If a staff person assists the offender in preparing the grievance, that staff person shall have no other role in investigating or responding to the grievance.  An offender may assist another offender at the same facility in preparing a grievance or an appeal.  Assistance in preparing the grievance or appeal may include an offender writing or typing the document for another offender who either cannot write, has limited understanding of English, whose handwriting is not legible, or who is unable to type it.  The complaining offender must sign the grievance or appeal and submit it to staff personally. An offender cannot submit an offender grievance on behalf of another offender.

Dkt. 12-3 at p. 11. Read in the light most favorable to McDavid, the grievance policy suggests that an offenders such as McDavid may need to rely on the assistance of other offenders. Facts regarding what McDavid understood about the grievance process and what assistance he was provided is missing from the present record.

**D. Analysis**

Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006). The facts construed in a fashion most favorable to McDavid as the non-movant raise a

4

material question of fact regarding whether he was given the opportunity to understand the grievance process and then the necessary resources to complete the process consistent with the Department of Corrections' policies.

The defendants cite to an unpublished opinion to argue that "[a] prisoner's lack of awareness of a grievance procedure, however, does not excuse compliance." *Twitty v. McCoskey*, 226 F. App'x 594, 596 (7th Cir. 2007). They argue that it is irrelevant whether McDavid was aware of the grievance procedure, whether he could have read the procedure if provided a copy, and whether he was capable of completing the grievance process given his impairments. This court is not aware of any case law which supports this position. *See e.g., Camplin v. Wexford Institutional*, No. 314CV00767JPGPMF, 2015 WL 9871635, at *3 (S.D. Ill. Dec. 21, 2015) ("The failure to provide assistance [to illiterate inmate] not only violated IDOC regulations, but made the administrative remedies process unavailable to him. Inmates cannot be expected to rely on "jailhouse lawyers" to complete the administrative remedies process.").

The defendants have failed to show that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law on the issue of whether McDavid exhausted his available administrative remedies. Accordingly, the motion for summary judgment [11] is **denied.**

## II. Further Proceedings

The defendants shall have **through September 9, 2016,** in which to either abandon their affirmative defense regarding exhaustion of administrative remedies or to request a hearing to resolve the factual disputes detailed above.

The court will attempt to recruit counsel to represent the plaintiff in this action consistent with the Entry of August 12, 2016.

**IT IS SO ORDERED.**

Date: 8/17/16

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH R. MCDAVID
943202
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All Electronically Registered Counsel